IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DARRYL BECKEM**                                                  **PLAINTIFF**

**v.**                                                       **No. 4:19cv32-GHD-RP**

**TIMOTHY MORRIS, ET AL.**                               **DEFENDANTS**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Before the Court is the Report and Recommendation of United States Magistrate Judge Roy Percy. ECF doc. 17. No objections have been filed. For the reasons discussed below, the Court adopts the Report and Recommendation.

**I.**

**Procedural History**

Beckem filed a complaint pursuant to 42 U.S.C. §1983 alleging that, on July 28, 2018, Lt. Thigpen and two canine K9 officers entered his jail cell and attacked him. ECF doc. 1. Petitioner stated that he was struck with a closed fist and had a sheet wrapped around his neck before being dragged from his cell. He alleged Lt. Thigpen instructed two members of the Vice Lords, the rival gang of Beckem's Gangster Disciples, to dump Petitioner head-first into a laundry basket. According to Petitioner, he was placed in "the holding tank" for hours while restrained before being returned to his cell, still in restraints. In his petition, Beckem claims that his hands and feet turned white, he was denied medical treatment, and was told to "forget about the whole incident before I end up dead." *Id*.

On July 28, 2020, Beckem appeared before the Magistrate Judge for a video hearing as set forth in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case have sufficient merit to proceed. In that hearing, Beckem elaborated on his

original claim. Petitioner clarified that the officers had entered his cell because he had overflowed the toilet and flooded the floor in an effort to get medical attention. Beckem admitted he was preventing anyone from entering the cell by threatening them with a "lock on a string." In the *Spears* hearing, Beckem also stated that, when he was dragged out of his cell, he was electrocuted by a severed phone cord laying on the wet floor. Beckem was certain he must have been taken to the ICU at University Medical Center because "common sense" would dictate such action after an electrocution. Beckem implied that he had passed out from the electrocution and woke back up on the floor outside his cell but was convinced he been to the ICU. Beckem further claimed that, while he was in the ICU, machinery was implanted into his body and asked the Magistrate Judge to order a full body x-ray to prove its existence. According to Beckem, the incident with the Vice Lords and the laundry cart occurred after he was returned from the ICU and regained consciousness, seemingly immediately after being drug from his cell.

## The Plaintiff's Claims Are Delusional

After carefully considering the contents of the *pro se* complaint and the testimony from the *Spears* hearing under the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Magistrate Judge concluded that the complaint is wholly without substantive merit. The law empowers judges to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Neitzke v. Williams*, 490 U.S. 319, 327-328 (1989). The plaintiff's contentions regarding his insides being electrically burned out and replaced with machinery unquestionably are examples of "fantastic or delusional scenarios." As such, the Magistrate Judge's Report and Recommendation should be adopted and Beckem's claims should be dismissed.

**Conclusion**

The August 17, 2021, Report and Recommendation [17] is **ADOPTED** as the order of this Court. The Respondent's complaint pursuant to 42 U.S.C. §1983 [1] is **DISMISSED**. A Certificate of Appealability is **DENIED**.

**SO ORDERED**. This the __2nd__ day of November, 2021.

_____
**UNITED STATES DISTRICT JUDGE**